[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-14540
Non-Argument Calendar

_____

D.C. Docket No. 8:08-cr-00412-RAL-AEP-3

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANTONIO MUNNINGS,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 18, 2021)

Before JORDAN, NEWSOM and TJOFLAT, Circuit Judges.

PER CURIAM:

Antonio Munnings appeals his 36-month sentence, imposed as a sanction for

his violation of the terms of supervised release.  He argues that the district court

incorrectly calculated his Sentencing Guidelines range by classifying his underlying felony as Class A, rather than Class B. After careful review, we affirm.

## I

In 2008, Antonio Munnings pleaded guilty to conspiracy to possess with intent to distribute 50 grams or more of crack cocaine. At the time of his conviction, the statutory range of imprisonment for that crime was ten years to life imprisonment with a mandatory five-year minimum term of supervised release. 21 U.S.C. § 841(b)(1)(A)(iii) (2006). Munnings was sentenced to a 78-months prison term and five years of supervised release. His supervised release began in October 2014, but when he violated its terms, the district court imposed an additional two years of supervised release commencing November 2017. Munnings violated the terms of that release as well, in August 2019.

At the revocation hearing for his latest violation, Munnings's attorney argued that his original crack-cocaine conviction was no longer a Class A felony, but rather a Class B felony, because the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010), had reduced the statutory maximum penalties for his original § 841 offense. If his felony classification were Class B, then the Sentencing Guidelines range for his revocation sentence would be 18 to 24 months' imprisonment, rather than the 30 to 37 months for Class A. U.S.S.G.

§ 7B1.4(a). The district court determined that Munnings's § 841 offense was properly classified as Class A and sentenced him to 36 months' imprisonment.[1]

## II

On appeal, Munnings argues that the district court erred by failing to recognize its authority under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), to find that his underlying conviction was a Class B offense. In particular, Munnings contends (1) that the Fair Sentencing Act, which was passed after his original conviction, reduced the statutory maximum penalties for a violation of 21 U.S.C. § 841(b)(1)(B)(iii), and (2) that the First Step Act made the Fair Sentencing Act's changes retroactively applicable to his conviction. Munnings argues that the district court had the authority either to construe his arguments during the revocation hearing as a First Step Act motion or to consider sua sponte granting Munnings First Step Act relief.

We cannot consider Munnings's eligibility under the First Step Act because Munnings never properly moved for First Step Act relief, nor can we construe the few passing references to the First Step Act made during the revocation hearing as sufficient to have placed the merits of Munnings's First Step Act eligibility before the district court. *See* First Step Act § 404(b) (authorizing defendant to file a

---

[1] We review the procedural reasonableness of a sentence for abuse of discretion, and the district court's interpretation of the Sentencing Guidelines and its application of the Guidelines to the facts de novo. *United States v. Barrington*, 648 F.3d 1178, 1194–95 (11th Cir. 2011).

"motion" for relief).  The First Step Act was mentioned only twice during the revocation hearing—once, in passing, during Munnings's attorney's cross-examination of a probation officer, and once when the government's lawyer argued that Munnings's underlying felony classification shouldn't change because Munnings hadn't been granted any First Step Act relief.  At no time during the revocation hearing—or afterwards—did Munnings's attorney ever make an affirmative argument that Munnings was eligible for First Step Act relief, let alone file a First Step Act "motion."  We acknowledge that under the First Step Act's terms, the district court could on its own motion have considered granting First Step Act relief, *see id.*, but the court didn't do so, and Munnings has not explained why its failure to do so, on the facts of this case, constituted an abuse of discretion.

Because Munnings has not been granted First Step Act relief and received a reduced sentence, the district court didn't err in classifying his felony as a Class A offense.  A felony is Class A if "the maximum term of imprisonment authorized" is life imprisonment or death and Class B if it's 25 years or more.  18 U.S.C. § 3559(a).  Here, the statutory maximum term of imprisonment authorized for Munnings's felony conviction under 21 U.S.C. § 841(b)(1)(A)(iii) in 2008 was life imprisonment.  While it's true that today, under the Fair Sentencing Act, a § 841(b)(1)(A)(iii) conviction carries a maximum term of only 40 years in prison,

4

nothing has happened—at least in the absence of First Step Act relief—to reduce his original sentence such that his felony should be reclassified as Class B.[2]

\* \* \*

For the foregoing reasons, we hold that the district court didn't err in classifying Munnings's underlying felony conviction as a Class A offense and imposing a revocation term of imprisonment of 36 months.

**AFFIRMED.**

---

[2] We note that under the First Step Act, Munnings (at least presumptively) gets only one chance to seek relief. *See* First Step Act of 2018, Pub. L. No. 115-391, § 404(c) ("No court shall entertain a motion made under this section to reduce a sentence … if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits."). Because we hold today that Munnings has not made such a motion, he may now proceed to make one.